IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK THELEN,
Inmate #16842-039,

        Petitioner,

vs.                                                                  Case No. 12-cv-80-DRH

J. CROSS,

        Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence that was imposed on November 24, 1997, after a jury trial in the Eastern District of Michigan (*See United States v. Thelen*, Case No. 97-cr-20015-RHC-CEB). He asserts that new Supreme Court jurisprudence invalidates his label as a "career offender" during sentencing pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. Separately, petitioner challenges the aggregation of his sentences under 18 U.S.C. § 3584(c). This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## I.  Procedural History

On September 29, 1986, petitioner pled guilty to Unlawful Delivery of Marijuana in Tulsa County District Court, Case No. CF-1986-2925 (Doc. 1, p. 12). On November 26, 1986, the trial court withheld a finding of guilt, placed petitioner on probation, and deferred his sentencing until November 1, 1991 (Doc. 1-1, p. 5). According to the order of probation, he would be discharged without a judgment of guilt, and the case would be dismissed, if petitioner successfully completed his five-year probation term.  However, on March 24, 1988, the Oklahoma district attorney filed an application to accelerate judgment and sentencing due, in part, to petitioner's unrelated conviction for forgery in Michigan.  *See Thelen v. United States*, 131 F. App'x 61, 67 (6th Cir. 2005).  Petitioner eventually completed a sentence for various Michigan crimes but was never sentenced for this Oklahoma crime, despite the March 24, 1988 motion to accelerate judgment (Doc. 1-1, p. 3).

In the case which is the subject of the instant petition, petitioner was sentenced on November 24, 1997, following his jury trial, to thirty years and thirty-seven years on two drug trafficking counts, and ten years for being a felon in possession of a firearm, to be served concurrently (Doc. 1, p. 7).  Pursuant to U.S.S.G. § 4B1.1, petitioner received a sentencing enhancement for being a career offender, with two predicate offenses: (a) his disputed November 25, 1986, Oklahoma conviction and (b) an undisputed November 3, 1988, Michigan marijuana conviction (Doc. 1, p. 7). Several months after this sentence was imposed, on March 5, 1998, petitioner's 1986

Oklahoma case was dismissed upon request of the state. (Doc. 1-1, p. 7). It appears that no conviction was ever entered.

Since his federal sentencing, petitioner has filed numerous appeals concerning both his November 24, 1997, sentencing and his 1986 Oklahoma case. On June 18, 1999, the Sixth Circuit affirmed petitioner's guilty verdict from his federal jury trial. *United States v. Thelen*, 182 F.3d 919 (6th Cir. 1999). Petitioner then filed a § 2255 motion to vacate his sentence on June 14, 2000 (Doc. 72 in criminal case). On March 28, 2005, the district court's denial of petitioner's § 2255 motion was affirmed by the Sixth Circuit. *Thelen v. United States*, 131 F. App'x 61 (6th Cir. 2005), *cert. denied*, 546 U.S. 969 (2005).

Petitioner also filed challenges in the Tenth Circuit to the disposition of the 1986 Oklahoma case. On December 7, 2009, he filed a § 2254 petition for writ of habeas corpus with the Northern District of Oklahoma (Doc. 1 in *Thelen v. Oklahoma*, 2010 WL 1629078 (N.D. Ok. 2010)). The Tenth Circuit ultimately affirmed dismissal of this petition for a lack of jurisdiction, stating that petitioner was not in custody under his 1986 sentence. *Thelen v. Oklahoma*, 396 F. App'x 489, 491 (10th Cir. 2010). The Tenth Circuit furthermore recommended that Petitioner bring his challenge through a § 2255 petition filed in the Eastern District of Michigan. *Id.*

Petitioner followed that recommendation, but his second § 2255 motion was denied by the Sixth Circuit on September 15, 2011 (Doc. 123 in criminal case). Following that denial, petitioner filed the instant action on January 26, 2012.

## II. Analysis

Petitioner makes two unrelated arguments in his § 2241 motion: (a) the Bureau of Prisons ("BOP") unlawfully aggregated his sentences, which bars him from participating in the BOP's Residential Drug Abuse Program ("RDAP") and (b) the dismissal of his 1986 Oklahoma charge has rendered it ineligible for use as a predicate offense in sentencing him as a career offender. The Court shall address these claims separately for purposes of threshold review.

### A. Aggregation

Petitioner argues that the aggregation of sentences for his violent (felon in possession) and non-violent (drug trafficking) offenses unlawfully prevents him from participating in RDAP, which could reduce his total sentence by one year. Petitioner concedes that under 18 U.S.C. § 3584(c): "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." However, he argues that this aggregation extends his ten-year felon in possession sentence by an extra twenty-seven years, ultimately to his detriment.

Upon completion of RDAP, 18 U.S.C. § 3621(e)(2)(B) allows for the BOP to reduce a prisoner's sentence by a term no greater than one year. However, § 3621(e)(2)(B), by its own terms, applies only to a prisoner convicted of a nonviolent offense. Petitioner's argument hinges on whether, for the remainder of his prison term, he should be classified as a nonviolent offender for purposes of § 3621(e)(2)(B) despite the mandatory aggregation of his sentences pursuant to § 3584(c).

The issue of whether § 3584(c) sentence aggregation can preclude a prisoner's eligibility for early release has not yet been reached by the Seventh Circuit. However, in cases dealing with the classification of prisoners as violent offenders under § 3621(e)(2)(B), the Seventh Circuit has made it clear that the contemplated sentence reduction is subject to the complete discretion of the BOP. *See Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997) ("Commission of a 'nonviolent offense' makes a prisoner eligible for consideration but does not require the Bureau to grant the boon he seeks. Eligibility is not entitlement."); *Parsons v. Pitzer*, 149 F.3d 734, 737 (7th Cir. 1998) ("Congress vested discretionary authority with the BOP to determine an inmate's eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B)"); *see also Lopez v. Davis*, 531 U.S. 230, 231 (2001). Therefore, petitioner's mere eligibility as a non-violent offender would not necessarily guarantee the one-year sentence reduction he seeks. However, a preclusion of eligibility based upon *aggregation* has yet to be addressed.

Other district courts have had the opportunity to grapple with the issue of aggregating violent offenses with non-violent offenses. In *Bailey v. Haynes*, 2007 WL 3046292, *6 (N.D. W. Va. 2007), the court required the BOP to consider the prisoner's "instant offense" as non-violent for purposes of early release eligibility following RDAP completion, despite an aggregation. However, as discussed above, the court in *Bailey* granted that petitioner's § 2241 petition while simultaneously warning him that "the Bureau has the authority but not the duty both to alter his conditions of confinement and to reduce his term of sentence." *Id.* As petitioner has

stated a cognizable claim for relief under § 2241, his petition shall receive further review on this issue.

### B. Career Offender

Petitioner, further, asserts that he is currently serving time as a result of a sentencing enhancement that should not have been applied to him. On November 24, 1997, petitioner was sentenced for three crimes with the enhancement of being a career offender pursuant to U.S.S.G. § 4B1.1. He argues that without this enhancement, under the high-end of the guideline range, he would not currently be incarcerated.

A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. The fact that petitioner has been barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an

inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

Petitioner filed his initial § 2255 motion, followed by a second § 2255 motion, both of which were denied by the Sixth Circuit. In denying petitioner's second motion, the Sixth Circuit informed him that judicial recognition of his 1986 Oklahoma case's dismissal was insufficient to meet the requirements for a second or successive § 2255 motion under 28 U.S.C. § 2255(h) (*See* Doc. 123 in criminal case). The dismissal did not constitute newly discovered evidence, nor did he invoke any new rule of constitutional law made retroactive by the Supreme Court, in order to bring his successive challenge within the purview of § 2255(h).

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport*, 147 F.3d at 611 (emphasis added).

Petitioner's contention that § 2255 is an inadequate remedy for post-conviction relief is borne out by his pleading. Petitioner's claims neither involve new evidence nor a new issue of constitutional law made retroactive by the Supreme Court to cases on collateral review. *See* 28 U.S.C. § 2255(h). This structural limitation prevents petitioner from seeking relief through a § 2255 motion. Furthermore, he articulates

Page 7 of 10

a claim that the dismissal of his 1986 Oklahoma case removes an essential predicate offense upon which the career offender enhancement was based – thus rendering him "actually innocent" of being a career offender. *See Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) (characterizing the distinction between crimes and sentencing enhancements as "one of degree, not one of kind"). Petitioner alternatively makes the argument that new case law concerning the career offender enhancement invalidates his 1997 sentence. Petitioner arguably raises an "actual innocence" claim that § 2255 is procedurally inadequate to address, *see Davenport*, 147 F.3d at 610-12, therefore, this claim shall also receive further review.

Without commenting on the merits of petitioner's § 2241 motion, the Court concludes that it survives preliminary review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, meriting a response from the Government.

### III. Pending Motions

Also, before the Court is petitioner's motion for admittance to bail pending outcome of this matter (Doc. 4).

> [F]ederal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly. *See In re Wainwright*, 518 F.2d 173 (5th Cir. 1975) (per curiam); *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2$^{d}$ Cir. 1978); *cf. Jago v. United States District Court*, 570 F.2d 618 (6th Cir. 1978); *Pfaff v. Wells*, 648 F.2d 689 (10th Cir. 1981). The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending

>resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

Petitioner was found guilty by a jury of multiple felony counts. Therefore, it is unlikely that petitioner was "convicted unjustly." Accordingly, based on the standards set forth above, petitioner's motion to be admitted to bail is **DENIED**. Additionally, petitioner's motion for status of this matter (Doc. 10) is **DENIED** as moot.

## IV. Disposition

**IT IS HEREBY ORDERED** that Respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of

this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: July 12, 2012**

Digitally signed by David R. Herndon
Date: 2012.07.12
10:28:44 -05'00'

**Chief Judge
United States District Court**