IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK THELEN,

      Petitioner,

v.                            Case No 12-080-DRH-DGW

JAMES N. CROSS,

      Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

#### Introduction and Background

Pending before the Court are a Report and Recommendation (Doc. 55), a motion to correct reassignment (Doc. 75) and an objection to prejudicial delay in this action and request for evidentiary hearing on factual dispute (Doc. 76). Based on the following, the Court grants the motion to correct reassignment which the Court construes as a motion to withdraw consent, denies the request for evidentiary hearing, and adopts in its entirety the Report and Recommendation.

First, the Court addresses the motion to correct reassignment which has been construed as a motion to withdraw the consent (Doc. 75). On December 9, 2013, the respondent filed his consent to the Magistrate Judge presiding over this matter (Doc. 73). The next day, the Notice of Referral was entered transferring the case to Magistrate Judge Donald G. Wilkerson (Doc. 74). Thereafter, Thelen filed the motion. Thelen asserts that he has not consented to a final disposition

by a Magistrate Judge in this case. A review of the record reveals the contrary; the record reflects that he *did* consent to the Magistrate Judge presiding over his case. In fact, the record reflects that he consented *twice*: first he sent a consent that is dated January 24, 2012 and filed on January 30, 2012 (Doc. 3) and second he sent a consent that is dated January 30, 2012 filed on February 1, 2012 (Doc. 5). Despite these consents, the Court will allow Thelen to withdraw his consent to Magistrate Judge Wilkerson presiding over his case. Thus, the case is reassigned to the undersigned judge for final disposition.

Next, Thelen moves the Court for an evidentiary hearing on his habeas corpus petition. Having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter.

Lastly, the Court addresses the habeas corpus petition. Thelen, an inmate incarcerated at the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a sentence imposed on November 24, 1997, after a jury trial in the Eastern District of Michigan. *See United States v. Thelen*, 97-cr-20015-RHC-CEB. He claims that new Supreme Court jurisprudence invalidates his label as a "career offender" during sentencing pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. Separately, he challenges the aggregation of his sentences under 18 U.S.C. § 3584(c).

On September 29, 1986, petitioner pled guilty to Unlawful Delivery of Marijuana in Tulsa County District Court, Case No. CF-1986-2925 (Doc. 1, p. 12).

On November 26, 1986, the trial court withheld a finding of guilt, placed petitioner on probation, and deferred his sentencing until November 1, 1991 (Doc. 1-1, p. 5). According to the order of probation, he would be discharged without a judgment of guilt, and the case would be dismissed, if petitioner successfully completed his five year probation term. However, on March 24, 1988, the Oklahoma district attorney filed an application to accelerate judgment and sentencing due, in part, to petitioner's unrelated conviction for forgery in Michigan. *See Thelen v. United States*, 131 F. App'x 61, 67 (6th Cir. 2005). Petitioner eventually completed a sentence for various Michigan crimes but was never sentenced for this Oklahoma crime, despite the March 24, 1988 motion to accelerate judgment (Doc. 1-1, p. 3).

Petitioner was sentenced on November 24, 1997, following a jury trial, to thirty years and thirty-seven years on two drug trafficking counts (cocaine and methamphetamine), and ten years for being a felon in possession of a firearm, to be served concurrently (Doc. 1, p. 7). Pursuant to U.S.S.G. § 4B1.1, petitioner received a sentencing enhancement for being a career offender, with two predicate offenses: (a) his disputed November 25, 1986, Oklahoma conviction and (b) an undisputed November 3, 1988, Michigan marijuana conviction (Doc. 1, p. 7). The facts of his disputed Oklahoma conviction are as follows as stated by the Sixth Circuit Court of Appeals:

> On August 21, 1986, Thelen was arrested in Oklahoma for delivery of marijuana. On November 25 of that year, he received a "deferred" sentence of five years probation. However, on March 24, 1988, the Tulsa County district attorney filed an application to "accelerate" judgment on the ground that Thelen had

violated his terms of probation by failing to report, possessing marijuana and using cocaine, leaving the state of Michigan without authority, and failing to pay his probation fees. Although a bench warrant was issued, Thelen was incarcerated in Michigan at that time and was never transferred to Oklahoma for further proceedings. According to Thelen, his Oklahoma conviction should not count in the career offender calculation because it was more than ten years old at the time of his federal offense.

*Thelen v. United States*, 131 Fed. Appx. 61 * 2 (6th Cir. 2005). Several months after this sentence was imposed, on March 5, 1998, petitioner's 1986 Oklahoma case was dismissed upon request of the state. (Doc. 1-1, p. 7). It appears that no conviction was ever entered.

Since his federal sentencing, petitioner has filed numerous appeals concerning both his November 24, 1997, sentencing and his 1986 Oklahoma case. On June 18, 1999, the Sixth Circuit affirmed petitioner's guilty verdict from his federal jury trial. *United States v. Thelen*, 182 F.3d 919 (6th Cir. 1999). Petitioner then filed a § 2255 motion to vacate his sentence on June 14, 2000 (Doc. 72 in criminal case). On March 28, 2005, the district court's denial of petitioner's § 2255 motion was affirmed by the Sixth Circuit. *Thelen v. United States*, 131 F. App'x 61 (6th Cir. 2005), *cert. denied*, 546 U.S. 969 (2005).

Petitioner also filed challenges in the Tenth Circuit to the disposition of the 1986 Oklahoma case. On December 7, 2009, he filed a § 2254 petition for writ of habeas corpus with the Northern District of Oklahoma (Doc. 1 in *Thelen v. Oklahoma*, 2010 WL 1629078 (N.D. Ok. 2010)). The Tenth Circuit ultimately affirmed dismissal of this petition for a lack of jurisdiction, stating that petitioner was not in custody under his 1986 sentence. *Thelen v. Oklahoma*, 396 F. App'x

489, 491 (10th Cir. 2010). The Tenth Circuit furthermore recommended that petitioner bring his challenge through a § 2255 petition filed in the Eastern District of Michigan. *Id.* Petitioner followed that recommendation, but his second § 2255 motion was denied by the Sixth Circuit on September 15, 2011 (Doc. 123 in criminal case). The Sixth Circuit noted that Thelen's original 2255 petition sought essentially the same relief and found neither new evidence nor a new rule of constitutional law merits a second review. The Sixth Circuit found:

> Thelen now seeks to file a second § 2255 motion in which he argues that, because his 1986 Oklahoma deferred sentence was expunged as a matter of law at the time of his sentencing, he was wrongfully sentenced as a career offender… [Thelen] does not proffer new evidence which clearly exonerates him. Nor does he call attention to any new rule of constitutional law articulated by the Supreme Court that applies to his case.

*In re* Thelen, -- WL --, No. 10-2317, *1-2 (6th Cir. 2011). Following that denial, petitioner filed this case on January 26, 2012.

On September 24, 2013, Magistrate Judge Wilkerson issued a Report and Recommendation ("the Report") (Doc. 55). The Report recommends that the Court deny and dismiss with prejudice Thelen's habeas corpus petition. On October 2, 2013, Thelen filed objections to the Report (Doc. 63). Respondent filed a response to the objections on October 17, 2013 (Doc. 68). Thereafter, Thelen filed a reply (Doc. 72).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th

Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

### Legal Standards

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate of ineffective. *Waletzki*, 13 F.3d at 1080 ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

The fact that a petitioner has been barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)(§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 petition). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 petition to cure the defect in the petition. In

*Davenport*, the Seventh Circuit considered the meaning of inadequacy for the purposes of § 2255. The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental defect in his conviction as having been imprisoned for a non-existent offense." *Davenport*, 147 F.3d at 611.

Here, Thelen objects to the Report in its entirety. First, he raises many objections regarding the mandatory career offender enhancement; and second that the BOP is violating his rights under the constitution by continuing to aggregate his fully served 18 U.S.C. 922(g) conviction with unserved drug convictions.

As to Thelen's objections regarding the career offender enhancement, the Court, after reviewing the record, agrees with the findings in the Report and finds Thelen's objections are without merit. The Court finds that § 2255 did provide petitioner with an adequate remedy at law and that there is no fundamental miscarriage of justice. Those are legal terms of art and do not necessarily mean what petitioner wants them to mean, which is set him free pursuant to his logic of the case. Further, Thelen does not present any new evidence or law suggesting that the prior Sixth Circuit holdings regarding the issue as to career offender have been overturned by the Supreme Court. Nothing has changed. Thelen merely takes umbrage with the Report's findings and the previous findings/Orders against him. The Sixth Circuit's decision as to the successive 2255 filing came *after* the

1986 Marijuana Delivery was expunged, *after Johnson v. United States*, 544 U.S. 295, 303 (2005) was decided and *after Carachuri-Rosendo*, 530 U.S. 563 (2010) was decided.  Furthermore, *Carachuri-Rosendo* does not apply in this case as it involved a statutory interpretation, not a new rule of constitutional law, made retroactive.

Similarly, the Court agrees with the Report's findings as to the aggregation argument and rejects Thelen's general objections as to this issue.  He again argues that the aggregation extends his ten-year felon in possession sentence by an extra twenty-seven years.

18 U.S.C. § 3584(c), provides in part:

> … multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as single, aggregate term of imprisonment.

Here, Thelen was sentenced on November 24, 1997, following a jury trial, to thirty years and thirty-seven years on two drug trafficking counts and ten years for being a felon in possession of a firearm, to be served concurrently.  Pursuant to § 3584(c), which Thelen concedes requires aggregation, the BOP aggregated all of his concurrent convictions.  Thelen argues that the BOP is violating his constitutional rights by failing to de-aggregate his sentences and thus, is preventing him from participating in the Residential Drug Abuse Program ("RDAP").  He argues that since he already has served ten years on the gun charge he should be classified as a nonviolent offender for the remainder of his sentence and that he should be eligible for the RDAP.  The Court agrees with the Report's

finding that Thelen has offered no plausible legal reason why the BOP should not follow this directive. BOP policy provides that participation in the RDAP is determined on a case-by-case basis and whether to include prisoners is a matter for the BOP's discretion. *See Lopez v. Davis*, 531 U.S. 230 (2001). Thus, petitioner has not constitutional right to placement in such a program and he is not entitled to relief.

## Conclusion

Accordingly, the Court **GRANTS** the motion to correct reassignment which the Court construes as a motion to withdraw consent (Doc. 75), **DENIES** the request for evidentiary hearing (Doc. 76) and **ADOPTS** the Report in its entirety (Doc. 55). The Court **DENIES** and **DISMISSES** with **prejudice** Thelen's 28 U.S.C. § 2241 petition. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 7th day of January, 2014.

David R. Herndon
2014.01.07
04:54:19 -06'00'

**Chief Judge**
**United States District Court**